# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

BRYCE A. CROMARTIE,

   Plaintiff,

     v.

DISTRICT OF COLUMBIA, *et al.*,

   Defendants.

Civil Action No. 09–1355 (CKK)

## MEMORANDUM OPINION
(August 6, 2010)

Presently pending before the Court is Defendants' [25] Motion for Summary Judgment. For the reasons explained below, the Court shall GRANT Defendants' Motion as conceded; alternatively, the Court shall the motion on the merits.

### I. DISCUSSION

   *A.    Procedural History*

This case was removed to this Court from the Superior Court for the District of Columbia by Defendants on July 22, 2009. After Defendants filed their answer to the complaint, the Court held an Initial Scheduling Conference on September 14, 2009, and issued a Scheduling and Procedures Order setting forth deadlines for the completion of discovery. *See* Docket No. [9]. Pursuant to that scheduling order, discovery was to be completed by February 26, 2010. The Court also referred the parties to the Court's ADR program for mediation.

On March 12, 2010, the Court held a Status Hearing in which the parties indicated that ADR had been unsuccessful and that discovery had not been completed. *See* Min. Order (Mar. 12, 2010). The Court ordered the parties to confer regarding a schedule for the completion of

discovery and to file a Joint Discovery Plan setting forth their proposed schedule by no later than March 17, 2010.  The parties were unable to comply with this deadline, resulting in Plaintiff's filing of a discovery plan without Defendants' input.  *See* [12] Pl.'s Discovery Plan.  The following day, Defendants's counsel filed a Joint Discovery Plan.  *See* [13] Joint Discovery Plan.  The Court issued a minute order adopting the deadlines proposed by the parties for the completion of discovery and scheduled a Status Hearing for April 16, 2010.  *See* Min. Order (Mar. 18, 2010).

  The parties were unable to complete discovery without incident.  On April 1, 2010, Defendants filed a [14] Motion to Compel further deposition testimony from Plaintiff and a [15] Motion for Protective Order to maintain the confidentiality of certain information responsive to Plaintiff's requests for production of documents.  Pursuant to LCvR 7(m) and FED. R. CIV. P. 37(a)(1), Defendants' counsel certified that she attempted in good faith to resolve these issues with Plaintiff's counsel by notifying him by email but stated that he did not respond to her emails or to her follow-up phone messages.  The Court ordered Plaintiff to file a written response to these motions, and Defendants filed oppositions to these motions on April 9, 2010.  On April 16, 2010, the Court held a Status Hearing in which the parties discussed their various discovery disputes.  *See* [21] Order (Apr. 16, 2010).  The Court granted Defendants' Motion to Compel further deposition testimony from the Plaintiff on the ground that Plaintiff's counsel had improperly obstructed Defendants' counsel's questioning.  During the Status Hearing, the parties suggested that the continued deposition be taken at the courthouse with a judge available to resolve any objections asserted by Plaintiff's counsel.  Accordingly, the Court ordered the parties to confer and agree on a date for the deposition and then contact the Court to make further

arrangements. *See id.* The Court scheduled a further Status Hearing for May 27, 2010.

The parties ultimately scheduled the continued deposition of Plaintiff for May 24, 2010, and it was conducted in a spare courtroom in the E. Barrett Prettyman Federal Courthouse. Although the parties initially proceeded without a judge present, the parties were unable to complete the deposition without contacting this Court's chambers to resolve objections asserted by Plaintiff's counsel. This Court presided over the remainder of the deposition.

On May 27, 2010, the Court held a Status Conference with counsel for both parties present. During the hearing, Defendants indicated that they planned to file a dispositive motion. Accordingly, the Court set forth the following briefing schedule (requested by the parties), which the Court also put in a written order: Defendants shall file their Motion for Summary Judgment on or before July 9, 2010; Plaintiff shall file his Opposition to Defendants' Motion for Summary Judgment on or before July 23, 2010; and Defendants shall file their Reply in support of their Motion for Summary Judgment on or before August 2, 2010. *See* [23] Order (May 27, 2010). The Court's Order also reminded the parties of their duty to comply with Local Rule LCvR 7(h) regarding motions for summary judgment. *See id.* On July 9, 2010, Defendants filed a [24] Consent Motion for Additional Time to Move for Summary Judgment, citing Defendants' counsel's illness. Defendants agreed to complete the motion over the weekend and file on Monday, July 12, 2010. Defendants also stated that they "will work cooperatively with plaintiff if the delay in filing causes him to need additional time to respond to the motion." The Court granted the motion for extension of time in a minute order, allowing Defendants to file their motion on July 12, 2010. *See* Min. Order (July 9, 2010). Because Plaintiff did not request an extension of time for his opposition, the Court did not change the other deadlines set by the

Court.

B. *Defendants' Motion for Summary Judgment*

On July 12, 2010, Defendants filed their [25] Motion for Summary Judgment, which is now pending before the Court. In their motion, Defendants contend that (1) Plaintiff's constitutional claims fail because Defendants Rodriguezgil and Brown had probable cause to arrest Plaintiff, did not use excessive force, and are entitled to qualified immunity; (2) Plaintiff's common law claim for false arrest fails because defendants Rodriguezgil and Brown had probable cause to arrest Plaintiff and a reasonable officer could believe that their actions were legal; (3) Plaintiff's common law assault and battery claim fails because Defendants Rodriguezgil and Brown used no more force than necessary to arrest Plaintiff; and (4) Plaintiff's claim for intentional infliction of emotional distress fails because Plaintiff cannot prove that Defendants intended to cause him severe emotional distress or that Defendants' conduct was so extreme and outrageous that it caused Plaintiff severe emotional distress. *See* Defs.' Mot. for Summ. J. at 1.

Although Defendants concede that there are numerous factual disputes about what happened once the police arrived at the residence where Plaintiff was arrested, Defendants contend that Plaintiff's own statements prevent him from recovering on any of his claims. *See* Defs.' Mem. P. & A. Supp. Defs.' Mot. for Summ. J. at 2. For example, Plaintiff admits that he did not obey Defendant Rodriguezgil's instructions to be quiet and place his hands on a vehicle and instead argued with Rodriguezgil that he should not be arrested. *See* Defs.' Stmt.[1] ¶¶ 6-17.

---

[1] The Court notes that it strictly adheres to the text of Local Civil Rule 7(h) (formerly Rule 56.1 when resolving motions for summary judgment). *See Burke v. Gould*, 286 F.3d 513, 519 (D.C. Cir. 2002) (finding district courts must invoke the local rule before applying it to the

4

Defendants argue that this disobedience gave the arresting officers probable cause to arrest Plaintiff for assault on a law enforcement officer because he impeded and/or interfered with police carrying out their duties. Defs.' Mem. at 6-7; *see* D.C. Code § 22-405(b) ("Whoever without justifiable and excusable cause, assaults, resists, opposes, impedes, intimidates, or interferes with a law enforcement officer on account of, or while that law enforcement officer is engaged in the performance of his or her official duties shall be guilty of a misdemeanor . . . .") Plaintiff also claims that he was forced to the ground and restrained by Officer Rodriguezgil with handcuffs, causing him minor injury to his wrist. Defs.' Stmt. ¶¶ 18-25. Defendants argue that no reasonable police officer would believe that this was excessive force. Defs.' Mem. at 7-9. Defendants argue that because Plaintiff's own version of events establishes the existence of probable cause and does not show the use of excessive force or outrageous conduct, they are entitled to judgment as a matter of law.

C. *Plaintiff's Failure to File an Opposition*

As of the date of this opinion, Plaintiff has not filed an opposition to Defendants' Motion for Summary Judgment. Local Rule 7(b) governs the filing of oppositions to motions filed in this Court:

> Within 14 days of the date of service or at such other time as the Court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion. If such a memorandum is not filed within the prescribed time, the Court may treat the motion as conceded.

---

case). The Court has advised the parties that it strictly adheres to Rule 7(h) and has stated that it "assumes facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion." [3] Order at 1 (July 29, 2009). Because, as discussed below, Plaintiff failed to file an opposition, the Court shall assume the facts stated in Defendants' Statement of Material Facts ("Stmt.") are admitted.

5

LCvR 7(b). The D.C. Circuit has explained that this rule "is a docket-management tool that facilitates efficient and effective resolution of motions by requiring the prompt joining of issues." *Fox v. Am. Airlines*, 389 F.3d 1291, 1294 (D.C. Cir. 2004). A district court's decision to apply the rule is reviewed only for abuse of discretion, and the D.C. Circuit has never considered straightforward application of Rule 7(b) to be an abuse of discretion. *Id.*; *FDIC v. Bender*, 127 F.3d 58, 67 (D.C. Cir. 1997). The Court need not provide notice before enforcing the rule or offer a party an opportunity to explain its failure to comply. *Fox*, 389 F.3d at 1295.[2] "Where the district court relies on the absence of a response as a basis for treating the motion as conceded, we honor its enforcement of the rule." *Twelve John Does v. District of Columbia*, 117 F.3d 571, 577 (D.C. Cir. 1997).

During its May 27, 2010, Status Hearing and subsequent Order, the Court set July 23, 2010, as the deadline for Plaintiff to file his opposition to Defendants' Motion for Summary Judgment. This was the deadline that Plaintiff's counsel explicitly requested during the Status Hearing for his opposition. Plaintiff has given no indication to this Court that he was unable to comply with that deadline or otherwise sought an extension of time to file an opposition. Although the Court did grant Defendants a three-day extension of time to file their initial motion, Plaintiff gave no indication that he would need any additional time to respond, and therefore the Court left the July 23 deadline unchanged. Even if three additional days were given to Plaintiff, his opposition would have been due on July 26. Alternatively, under the default response time in

---

[2] An exception to this rule is for dispositive motions filed against parties who are representing themselves, *pro se*. *See Fox v. Strickland*, 837 F.2d 507, 509 (D.C. Cir. 1988) (holding that district courts must advise *pro se* plaintiffs of the consequences of failing to respond to a dispositive motion).

6

Local Rule 7(b), Plaintiff's opposition would have been due no later than July 29 (allowing 14 days to respond, plus an additional 3 days for electronic service pursuant to FED. R. CIV. P. 6(d)). All of these deadlines have come and gone. Therefore, Plaintiff has failed to comply with Local Rule 7(b) and this Court's order.

The Court shall exercise its discretion to apply Local Rule 7(b) and treat Defendants' Motion for Summary Judgment as conceded. Plaintiff's counsel is experienced counsel and is aware of his responsibility to meet court-imposed deadlines, and he has not done so in this case. He was present when the deadlines were set and has been silent since that time. Accordingly, the Court finds that Plaintiff has failed to prosecute his claims by failing to oppose Defendants' Motion for Summary Judgment, and therefore this action shall be dismissed.

    D.    *The Merits of Defendants' Motion for Summary Judgment*

Alternatively, the Court shall grant Defendants' Motion for Summary Judgment on the merits, based on the record provided by Defendants and the facts which Plaintiff has failed to rebut. Defendants' motion clearly shows the weaknesses in Plaintiff's claims, and Plaintiff's silence in opposition is telling. Plaintiff's admissions that he disobeyed Officer Rodriguezgil's instructions to be quiet and argued at length with the officer clearly establish the existence of probable cause for Plaintiff's arrest, which requires only a "reasonable ground for belief of guilt." *Maryland v. Pringle*, 540 U.S. 366, 370 (2003). The existence of probable cause defeats Plaintiff's constitutional and common law claims for false arrest. *Scott v. District of Columbia*, 101 F.3d 748, 753-54 (D.C. Cir. 1996); *Bailey v. U.S. Marshal Serv.*, 584 F. Supp. 2d 128, 132-33 (D.D.C. 2008).

Moreover, according to Plaintiff's own description of events, the force used on

him—being "slammed" to the ground, handcuffed, and forcibly kept on the ground—does not amount to force that a reasonable officer would find to be excessive in light of the circumstances. *See Wasserman v. Rodacker*, 557 F.3d 635, 642 (D.C. Cir. 2009) ("Police officers have authority to use 'some degree of physical coercion' when arresting a suspect, and [appellant's] refusal to obey [the officer's] order prior to his arrest suggested that he might try to resist or escape." (internal citation omitted)); *Martin v. Malhoyt*, 830 F.2d 237, 262 (D.C. Cir. 1987) (finding that arresting officer did not use excessive force by grabbing a driver by the waist, throwing him back into the driver seat, and slamming the door on his legs). The fact that Plaintiff apparently suffered only minor injuries to his wrists further undermines his excessive force claim. Accordingly, Plaintiff's constitutional excessive force claim and assault and battery claim fail. *See Scales v. District of Columbia*, 973 A.2d 722, 730 (D.C. 2009) ("[I]n an assault and battery case[,] [a] police officer has a qualified privilege to use reasonable force to effect an arrest, provided that the means employed are not in excess of those which the actor reasonably believes to be necessary." (quotation marks and citation omitted)).

Furthermore, Plaintiff's claim for intentional infliction of emotional distress fails because such a claim cannot be based on an arrest supported by probable cause without some further evidence of outrageous behavior, and there is no evidence in the record of such outrageous conduct. *See Kotsch v. District of Columbia*, 924 A.2d 1040, 1046 (D.C. 2007). Therefore, Plaintiff's claims are not supported by the record, and Defendants are entitled to judgment as a matter of law.

//

//

## II.  CONCLUSION

For the foregoing reasons, the Court shall GRANT Defendants' [25] Motion for Summary Judgment as conceded.  Alternatively, the Court finds that Defendants are entitled to summary judgment because there are no disputed issues of material fact, and the record clearly shows that Defendants are entitled to judgment as a matter of law.  This action shall be dismissed.  An appropriate Order accompanies this Memorandum Opinion.


Date:   August 6, 2010  
                                                      /s/  
                                                   COLLEEN KOLLAR-KOTELLY  
                                                   United States District Judge