UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BRYCE A. CROMARTIE,

   Plaintiff,

    v.

DISTRICT OF COLUMBIA, *et al.*,

   Defendants.

Civil Action No. 09–1355 (CKK)

**MEMORANDUM OPINION**
(August 30, 2011)

Plaintiff Bryce Cromartie ("Plaintiff") filed this action against Defendants Miguel Rodriguezgil and J. Brown, both Metropolitan Police Officers, and the District of Columbia asserting claims for false arrest, assault & battery, intentional infliction of emotional distress, and deprivation of his civil rights in violation of 42 U.S.C. § 1983. Presently pending before the Court is Plaintiff's [30] Motion to Alter or Amend Judgment. Plaintiff asks the Court to reconsider its August 6, 2010 order granting summary judgment for Defendants. The Court granted Defendants' motion for summary judgment as conceded because Plaintiff failed to file a timely opposition, and the Court alternatively ruled that Defendants were entitled to judgment as a matter of law based on the factual record produced by Defendants, which went unrebutted by Plaintiff. In his motion to alter or amend the judgment, Plaintiff argues that his failure to file a timely opposition was the result of a technical error and that the record produced by Defendants does not support an award of summary judgment. For the reasons explained below, the Court shall DENY Plaintiff's motion to alter or amend the Court's judgment of August 6, 2010.

# I. BACKGROUND

This case was removed to this Court from the Superior Court for the District of Columbia by Defendants on July 22, 2009. After Defendants filed their answer to the complaint, the Court held an Initial Scheduling Conference on September 14, 2009 and issued a Scheduling and Procedures Order setting forth deadlines for the completion of discovery. *See* Docket No. [9]. Pursuant to that scheduling order, discovery was to be completed by February 26, 2010. The Court also referred the parties to the Court's ADR program for mediation. On March 12, 2010, the Court held a Status Hearing in which the parties indicated that ADR had been unsuccessful and that discovery had not been completed. *See* Min. Order (Mar. 12, 2010). The Court issued an order adopting the deadlines proposed by the parties for the completion of discovery and scheduled a Status Hearing for April 16, 2010. *See* Min. Order (Mar. 18, 2010).

The parties were unable to complete discovery without incident. On April 1, 2010, Defendants filed a [14] Motion to Compel further deposition testimony from Plaintiff and a [15] Motion for Protective Order to maintain the confidentiality of certain information responsive to Plaintiff's requests for production of documents. Pursuant to LCvR 7(m) and Fed. R. Civ. P. 37(a)(1), Defendants' counsel certified that she attempted in good faith to resolve these issues with Plaintiff's counsel by notifying him by email but stated that he did not respond to her emails or to her follow-up phone messages. The Court ordered Plaintiff to file a written response to these motions, and Defendants filed oppositions to these motions on April 9, 2010. On April 16, 2010, the Court held a Status Hearing in which the parties discussed their various discovery disputes. *See* [21] Order (Apr. 16, 2010). The Court granted Defendants' Motion to Compel further deposition testimony from the Plaintiff on the ground that Plaintiff's counsel had

improperly obstructed Defendants' counsel's questioning. During the Status Hearing, the parties suggested that the continued deposition be taken at the courthouse with a judge available to resolve any objections asserted by Plaintiff's counsel. Accordingly, the Court ordered the parties to confer and agree on a date for the deposition and then contact the Court to make further arrangements. *See id.* The Court scheduled a further Status Hearing for May 27, 2010.

The parties ultimately scheduled the continued deposition of Plaintiff for May 24, 2010, and it was conducted in a spare courtroom in the E. Barrett Prettyman Federal Courthouse. Although the parties initially proceeded without a judge present, the parties were unable to complete the deposition without contacting this Court's chambers to resolve objections asserted by Plaintiff's counsel. This Court presided over the remainder of the deposition.

On May 27, 2010, the Court held a Status Conference with counsel for both parties present. During the hearing, Defendants indicated that they planned to file a dispositive motion. Accordingly, the Court set forth the following briefing schedule (requested by the parties), which the Court also memorialized in a written order: Defendants shall file their Motion for Summary Judgment on or before July 9, 2010; Plaintiff shall file his Opposition to Defendants' Motion for Summary Judgment on or before July 23, 2010; and Defendants shall file their Reply in support of their Motion for Summary Judgment on or before August 2, 2010. *See* [23] Order (May 27, 2010). The Court's Order also reminded the parties of their duty to comply with Local Rule LCvR 7(h) regarding motions for summary judgment. *See id.* On July 9, 2010, Defendants filed a [24] Consent Motion for Additional Time to Move for Summary Judgment, citing Defendants' counsel's illness. Defendants agreed to complete the motion over the weekend and file on Monday, July 12, 2010. Defendants also stated that they "will work cooperatively with plaintiff

3

if the delay in filing causes him to need additional time to respond to the motion." The Court granted the motion for extension of time in a minute order, allowing Defendants to file their motion on July 12, 2010. *See* Min. Order (July 9, 2010). Because Plaintiff did not request an extension of time for his opposition, the Court did not change the other deadlines set by the Court.

On July 12, 2010, Defendants filed their [25] Motion for Summary Judgment. In their motion, Defendants argued that (1) Plaintiff's constitutional claims fail because Defendants Rodriguezgil and Brown had probable cause to arrest Plaintiff, did not use excessive force, and were entitled to qualified immunity; (2) Plaintiff's common law claim for false arrest fails because defendants Rodriguezgil and Brown had probable cause to arrest Plaintiff and a reasonable officer could believe that their actions were legal; (3) Plaintiff's common law assault and battery claim fails because Defendants Rodriguezgil and Brown used no more force than necessary to arrest Plaintiff; and (4) Plaintiff's claim for intentional infliction of emotional distress fails because Plaintiff cannot prove that Defendants intended to cause him severe emotional distress or that Defendants' conduct was so extreme and outrageous that it caused Plaintiff severe emotional distress.

Plaintiff failed to file a timely opposition to Defendants' motion for summary judgment. According to the schedule ordered by the Court, Plaintiff's opposition was due on or before July 23, 2010.[1] On August 6, 2010—two weeks after Plaintiff's opposition was due—the Court issued a Memorandum Opinion and Order granting Defendants' motion for summary judgment

---

[1] Plaintiff mistakenly claims that his opposition was due on or about July 28, 2010 because Defendants filed their motion on July 12, 2010. However, the Court never extended Plaintiff's original deadline of July 23, 2010 because Plaintiff did not request any extension.

as conceded. The Court exercised its discretion to enforce Local Civil Rule 7(b), which provides as follows:

> Within 14 days of the date of service or at such other time as the Court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion. If such a memorandum is not filed within the prescribed time, the Court may treat the motion as conceded.

LCvR 7(b). The Court alternatively reviewed the merits of Defendants' motion for summary judgment based on the factual record provided by Defendants and which Plaintiff had failed to rebut. The Court ruled that there was probable cause for Plaintiff's arrest based on his admissions that he disobeyed Defendant Rodriguezgil's instructions to be quiet and continued to argue with him. The Court also ruled that according to Plaintiff's own description of events, the force used on him did not amount to force that a reasonable officer would find to be excessive in light of the circumstances. Finally, the Court ruled that there was no evidence in the record of outrageous conduct that could support Plaintiff's claim for intentional infliction of emotional distress. Accordingly, the Court alternatively ruled on the merits that Defendants were entitled to judgment as a matter of law.

## II. LEGAL STANDARD

Plaintiff's motion to alter or amend the judgment is governed by Federal Rule of Civil Procedure 59(e). Rule 59(e) allows a district court to correct its own mistakes in the period immediately following the entry of a mistaken order. *White v. N.H. Dep't of Emp't Sec.*, 455 U.S. 445, 450 (1982). "A Rule 59(e) motion is discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Firestone v.*

*Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (per curiam) (internal quotation marks omitted). A motion to reconsider under Rule 59(e) "is [neither] . . . an opportunity to reargue facts and theories upon which a court has already ruled nor a vehicle for presenting theories or arguments that could have been advanced earlier." *SEC v. Bilzerian*, 729 F. Supp. 2d 9, 14 (D.D.C. 2010) (internal quotation marks and citations omitted). "Such motions are disfavored and relief from judgment is granted only when the moving party establishes extraordinary circumstances." *Harrison v. Fed. Bureau of Prisons*, 681 F. Supp. 2d 76, 84 (D.D.C. 2010) (internal quotation marks and citations omitted).

### III. DISCUSSION

Plaintiff argues that the Court should reconsider its prior judgment because his failure to file an opposition was the result of an honest mistake by his counsel and because Defendants' motion for summary judgment lacks merit. The Court shall review each of Plaintiff's arguments.

*A.     Plaintiff's Failure to File a Timely Opposition*

Plaintiff offers the following explanation for his failure to file a timely opposition. At the time Defendants filed their motion (July 12, 2010), Plaintiff's counsel was engaged in a wrongful death trial before the United States District Court for the District of Maryland. Shortly after that trial concluded, Plaintiff's counsel went on a previously arranged family vacation on July 27, 2010 and did not return to the office until August 4, 2010. As a consequence of these events, Plaintiff's counsel "inadvertently overlooked" Defendants' motion. Plaintiff's counsel has provided an affidavit from the employee at his office who is responsible for keeping his calendar; she explains that in order to maintain an accurate and timely calendar of deadlines, she reviews all cases in litigation on a weekly basis on Fridays. *See* Pl.'s Mot., Ex. 1 (Aff. of Susan Berk)

¶ 2. However, she explains that she did not perform this function during the week that Defendants' motion was filed because she was busy assisting Plaintiff's counsel with his wrongful death trial. *Id.* ¶ 3. She did perform this function the following Friday, July 23, 2010, although she did not complete the task on that date. *Id.* ¶ 4. She continued to work on updating the deadlines on Sunday, July 25, 2010, but her work was interrupted by a thunderstorm that caused a loss of power and resulted in a shutdown of the computer server. *Id.* When she reconstructed the calendar on Monday, July 26, 2010, she believed that the calendaring work she had performed on Sunday had not been lost when the server shut down. *Id.* After being out of the office between July 27 and August 2, 2010, she discovered on Friday, August 6, 2010 that the deadline for this case had been missed. *Id.* ¶ 5.

Plaintiff's excuse for his failure to file a timely opposition is completely inadequate. As an initial matter, the Court ordered the briefing schedule that was requested by the parties on May 27, 2010. Therefore, if Plaintiff's counsel believed that he would need additional time to respond to Defendants' motion due to his wrongful death trial, he could have simply asked for a later date to respond, and the Court likely would have granted it. He also could have filed a motion for extension of time after the Court ordered the briefing schedule or requested that his deadline be extended when Defendants filed their motion for extension of time; he failed to do either. Furthermore, the affidavit submitted by Plaintiff demonstrates that Plaintiff's counsel failed to calendar the deadline for his opposition until after Defendants' motion was actually filed, despite the fact that the Court explicitly ordered Plaintiff on May 27, 2010 to file his opposition by no later than July 23, 2010. Plaintiff's counsel should have calendared this deadline immediately after the Court ordered it. The record also indicates that the employee responsible for keeping

track of Plaintiff's counsel's calendar did not check the deadlines for this case until almost two weeks after Defendants' motion was filed, meaning that by the time she checked the deadline, Plaintiff's opposition was already overdue. These are sloppy timekeeping practices that should not be excused by this Court.

In *Fox v. American Airlines, Inc.*, 389 F.3d 1291 (D.C. Cir. 2004), the D.C. Circuit affirmed the district court's invocation of Local Civil Rule 7(b) to grant a motion to dismiss as conceded. The plaintiffs had argued that their failure to file an opposition should be excused because, due to an alleged malfunction in the Court's electronic case filing system, their counsel never received an email notifying him that the defendants had filed a motion to dismiss. *See id.* at 1294. The court rejected this as "an updated version of the classic 'my dog ate my homework' line" and explained that, regardless of whether plaintiffs' counsel received the email notice, he had an obligation to monitor the court's docket. *Id.* In affirming the district court's denial of the plaintiffs' motion for reconsideration, the court wrote, "[w]e can hardly say that the district court abused its discretion in declining to vacate its judgment of dismissal to prevent 'manifest injustice' flowing from the appellants' failure to receive notice given that, as discussed above, the dismissal of their suit might have been avoided through the exercise of due diligence." *Id.* at 1296 (citing *Ciralsky v. CIA*, 355 F.3d 661, 673 (D.C. Cir. 2004)). The failure of Plaintiff's counsel to file an opposition in this case is even less justified than in *Fox* because the Court told Plaintiff's counsel in open court what his deadline would be and enshrined that deadline in a written order. Plaintiff's counsel attempts to pass the blame to his calendaring assistant, but he truly has no one to blame but himself.

Plaintiff also argues that the Court should reconsider its decision to grant the motion as

conceded because, on the same day but before the Court issued its order, Defendants' counsel consented to Plaintiff's request for an extension of time to file his opposition. However, this Court is not bound by Defendants' counsel's professional courtesy, and Defendants' counsel did not consent later to Plaintiff's motion to alter the judgment. Plaintiff's counsel has demonstrated a disregard for this Court's rules, and he must live with the consequences of his actions. Plaintiff's counsel's disregard was reaffirmed when he attempted to file his reply brief in support of his motion to alter or amend judgment; his electronic filing consists of a single blank page with one sentence fragment at the bottom. *See* Docket No. [32]. Pursuant to LCvR 5.4(c)(2), "[a] person filing a document by electronic means is responsible for insuring the accuracy of the official docket entry generated by the CM/ECF software." Although the Clerk of the Court directed Plaintiff to refile the document, he has failed to do so to date. In light of the foregoing, the Court declines to reconsider its decision to grant Defendants' motion for summary judgment as conceded.

        B.        *The Merits of Defendants' Motion for Summary Judgment*

Plaintiff next argues that the Court should reconsider its alternative ruling on the merits of Defendants' claims. Because a Rule 59(e) motion is not a proper vehicle for raising arguments that could have been raised in a timely filed opposition, the Court focuses on the errors alleged by Plaintiff to have been made by the Court in ruling that summary judgment was appropriate. Plaintiff argues that the Court improperly treated two factual assertions propounded by Defendants as true and that the record does not support a finding of probable cause for Plaintiff's arrest. Plaintiff also argues that the record does not support the award of summary judgment based on the reasonableness of the force used during Plaintiff's arrest or the lack of

9

egregious conduct in the record. The Court shall review these claims below.

First, Plaintiff contends that the Court improperly relied on two assertions of fact that Defendants allegedly failed to support with record evidence, namely, that Plaintiff had failed to heed officers' instructions to place his hands on the car and to be quiet. Plaintiff argues that Defendants violated LCvR 7(h) when they asserted these facts in their statement of material facts that are not in dispute without citing to supporting evidence in the record.[2] However, a review of the excepts of the transcripts Defendants attached to their motion for summary judgment clearly reveals that according to Plaintiff's own testimony, he did not place his hands on the car or comply with Defendant Rodriguezgil's request that he be quiet. *See* Defs.' Mot. for Summ. J., Ex. C (Trial Tr.) at 119-20 (explaining that after Plaintiff heard the request to put his hands on the car, he walked back towards Officer Rodriguezgil, who told him to "shut the fuck up," and Plaintiff continued to "go[] at it" with him). Therefore, the Court did not accept any factual assertions that lacked support in the record provided by Defendants.

Second, Plaintiff argues that there was no probable cause for the arrest because it is not a crime to fail to place one's hands on a car or to fail to "shut the fuck up." However, as the Court explained in its prior opinion, D.C. Code makes it unlawful for a person to, "without justifiable and excusable cause, assault[], resist[], oppose[], impede[], intimidate[], or interfere[] with a law enforcement officer" while that officer is engaged in official duties. D.C. Code § 22-405(b). Whether or not Plaintiff was actually guilty of this offense, his failure to comply with police

---

[2] The Court notes that Defendants did provide the Court with the relevant excerpts of transcribed testimony that supported the facts they asserted, but they did not fully identify the pages and lines of the transcript as required. However, the relevant pages and lines of the transcript were contiguous with other portions of the record that were cited by Defendants.

officers' instructions, even if stated in profane terms, was clearly sufficient to establish probable cause for his arrest. *See In re T.H.*, 898 A.2d 908, 912 (D.C. 2006) ("Generally, probable cause exists where the facts and circumstances within the arresting officer's knowledge . . . are sufficient in themselves to warrant a reasonable belief that an offense has been or is being committed.") (quoting *Rucker v. United States*, 455 A.2d 889, 891 (D.C. 1983)). Plaintiff also argues that the arresting officer did not intend to arrest Plaintiff for resisting an officer at the time; however, "an arresting officer's state of mind (except for the facts that he knows) is irrelevant to the existence of probable cause." *Devenpeck v. Alford*, 543 U.S. 146, 153 (2004). Therefore, the Court did not err by finding probable cause based on Plaintiff's conceded failure to heed officers' instructions.

The Court is also not persuaded that it clearly erred in concluding that based on the record produced by Defendants, the amount of force used during Plaintiff's arrest was not excessive. Plaintiff argues that the Court ignored Plaintiff's own deposition testimony about the blows allegedly delivered by Defendant Rodriguezgil during his arrest. However, Plaintiff's testimony does not clearly establish that the amount of force used by Defendant Rodriguezgil was more force than was reasonably necessary to effect the arrest. *See Scott v. District of Columbia*, 101 F.3d 748, 760 (D.C. Cir. 1996) ("[T]he proper inquiry here is whether the officers' actions were so excessive that no reasonable officer on the scene could have believed that they were lawful."). Similarly, the Court is not persuaded that it overlooked evidence of "outrageous" conduct in the record that would be sufficient to support Plaintiff's claim for intentional infliction of emotional distress. Therefore, the Court declines to reconsider its alternative ruling on the merits of Defendants' motion for summary judgment.

## IV. CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff has failed to demonstrate that there is an intervening change of controlling law or new evidence available that would justify the Court's reconsideration of its prior judgment. Because Plaintiff failed to file a timely opposition and the record produced by Defendants supported their motion for summary judgment, reconsideration is not necessary to correct a clear error or prevent manifest injustice. Accordingly, the Court shall DENY Plaintiff's [30] Motion to Alter or Amend Judgment. An appropriate Order accompanies this Memorandum Opinion.


Date:   August 30, 2011                       /s/                                        
                                            COLLEEN KOLLAR-KOTELLY
                                            United States District Judge